UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
AARON E. YOUNG, : CASE NO. 1:14-CV-01237
:
        Plaintiff, :
:
v. : OPINION AND ORDER
: [Resolving Doc. 9]
STEFAN JOHNSON, ET AL., :
:
        Defendants. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Aaron Young, an inmate at currently incarcerated at the Correctional Reception Center ("CRC") in Loarin, Ohio, brings this suit *pro se* under 42 U.S.C. § 1983 against several members of the CRC staff. Defendant Stephen Gray moves to dismiss the claims against him.[1/] Plaintiff has not opposed the motion. For the following reasons, the Court **GRANTS** the motion.

**I. Background**

Plaintiff Young is incarcerated at the CRC—an Ohio state correctional facility—in Lorain, Ohio.[2/] He generally alleges that on two occasions Defendant Stefan Johnson verbally assaulted him by making disparaging remarks about Muslims and threatening him with bodily harm.[3/] When Young tried to report these incidents to Defendant Ronald Pawlus, an Inspector at the CRC, Young was put into segregation.[4/] Young continued to try to file a formal report regarding the incidents, but he alleges that Pawlus and Defendant Laura Solnick, the Unit Manager Administrator, worked to

---

[1/] Doc. 9.
[2/] Doc. 3 at 2.
[3/] *Id.* at 3.
[4/] *Id.* at 4.

-1-

Case No. 1:14-CV-01237
Gwin, J.

prevent him from doing so.[5/]

Defendant Stephen Gray is not mentioned in the factual allegations in the complaint. Gray is the acting Chief Inspector of the Ohio Department of Rehabilitation and Correction.[6/] Young alleges that the former Chief Inspector, Gary Croft, "condoned" his subordinates' refusal to investigate Young's grievances.[7/] In doing so, Young claims, Croft violated his rights under the First and Fourteenth Amendments to the United States Constitution.[8/] Young brings his claims against Gray (in both his individual and official capacities) as successor to Croft.[9/] Young seeks an injunction requiring Gray to create an appeals process for conduct reports prisoners bring against corrections officers, as well as a phone line to the media that prisoners can use when threatened with retaliation.[10/] Young also seeks $5,000 in compensatory damages and $5,000 in punitive damages from Gray.[11/]

## II. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[12/] The plausibility requirement is not "akin to a probability requirement," but requires "more than a sheer possibility that the defendant has acted unlawfully."[13/]

Federal Rule of Civil Procedure 8 provides the general standard of pleading and only requires

---

[5/] *Id.* at 4–5.
[6/] *Id.* at 2.
[7/] *Id.* at 5.
[8/] *Id.* at 7.
[9/] *Id.* at 2.
[10/] *Id.* at 7.
[11/] *Id.*
[12/] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[13/] *Id.*

Case No. 1:14-CV-01237
Gwin, J.

that a complaint "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."[14] "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."[15] In deciding a motion to dismiss under Rule 12(b)(6), "a court should assume the[] veracity" of "well-pleaded factual allegations."[16]

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"[17] However, a *pro se* complaint must still meet Rule 8's minimum requirement of a "short and plain statement" showing entitlement to relief.

### III. Analysis

The claims seeking monetary damages from Gray fail. A state official sued in his official capacity cannot be liable for money damages in a suit under § 1983.[18] Although a state official can be liable in his personal capacity for money damages when he acts under color of state law to deprive a person of a Constitutional right,[19] Young has not alleged that Gray did so. The allegations of the complaint all pre-date Gray's time as Chief Inspector, and Gray is not personally liable for the conduct of his predecessor, Gary Croft.[20] Similarly, Gray cannot be vicariously liable for the actions of any of the other individual defendants because he was not their superior at the time of the

---

[14] Fed. R. Civ. P. 8(a)(2).
[15] *Iqbal,* 556 U.S. at 678-79 (citations omitted).
[16] *Id.*
[17] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").
[18] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).
[19] *Monroe v. Pape*, 365 U.S. 167, 183–87 (1961); 42 U.S.C. § 1983.
[20] *See Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) ("Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior.").

Case No. 1:14-CV-01237
Gwin, J.

incidents in the complaint and therefore could not have personally encouraged, condoned, or participated in any of the alleged misconduct.[21]

The claims seeking injunctive relief against Gray also fail.[22] State officials may be sued in their official capacities for prospective injunctive relief to prevent ongoing violations of federal law.[23] Young's theory appears to be that, without changes to the grievance procedures in place at the CRC, he will be subject to ongoing violations of his rights under the First, Eighth, and Fourteenth Amendments. Young's theory fails, however, because "there is no inherent constitutional right to an effective prison grievance procedure."[24] Thus, there is no ongoing Constitutional violation that could be cured by adding an appeals process to the existing grievance procedures. Similarly, while Young may wish to have a direct line to the media, he has not alleged that not having this phone line has deprived him of any right secured by federal law. Young therefore has not alleged that he is suffering from an ongoing violation of federal law that his requested injunctive relief could cure.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant Stephen Gray's motion and

---

[21] *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).
[22] There is no injunctive relief sought that could be accomplished by Gray in his personal capacity, and thus the Court construes the complaint as only seeking injunctive relief against Gray in his official capacity.
[23] *Edelman v. Jordan*, 415 U.S. 651, 677 (1974); *Ex Parte Young*, 209 U.S. 123 (1908).
[24] *Young v. Gundy*, 30 F. App'x 568, 569–70 (6th Cir. 2002).

-5-

Case No. 1:14-CV-01237
Gwin, J.

**DISMISSES** Plaintiff's claims against Defendant Stephen Gray.

  IT IS SO ORDERED.


Dated: March 3, 2015              s/  *James S. Gwin*
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE