```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-----------------------------------------------------
                                      :
AARON E. YOUNG,                       :    CASE NO. 1:14-CV-01237
                                      :
         Plaintiff,                   :
                                      :
v.                                    :    OPINION AND ORDER
                                      :    [Resolving Doc. 32]
STEFAN JOHNSON, ET AL.,               :
                                      :
         Defendants.                  :
                                      :
-----------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this case, Plaintiff Aaron Young, a prisoner housed at Lorain Correctional Institution, has sued several prison officials for alleged violations of his constitutional rights.[1] On or about March 26, 2015, Defendants responded to Plaintiff Young's request for production of documents, objecting to the majority of the requests.[2] Plaintiff Young has now moved to compel Defendants to produce documents responsive to his requests.[3] For the following reasons, the Court **DENIES** Plaintiff's motion.

As an initial matter, Plaintiff Young appears not to have complied with the Civil Rule 37 requirement that the parties meet and confer regarding discovery disputes before moving to compel production.[4] The Certification in Plaintiff Young's motion only refers to his having served his request for production; Young does not say that he has otherwise attempted to contact Defendants'

---

[1] Doc. 3.
[2] *See* Doc. 31; Doc. 32-1.
[3] Doc. 32. Defendants oppose the motion. Doc. 33.
[4] *See* Fed. R. Civ. P. 37(a)(1); *see also* L.R. 37.1.

Case No. 1:14-CV-01237
Gwin, J.

counsel.[5] However, the Court can choose to adjudicate the motion on the merits anyway,[6] and will do so here for two reasons. First, the Court recognizes the inherent logistical difficulties faced by pro se litigants—and particularly prisoners—and therefore holds them to a somewhat relaxed standard in complying with the Rules.[7] Second, Plaintiff Young has previously advised the Court of problems he has had obtaining discovery from Defendants, and the Court has granted Plaintiff's previous motion to compel.[8] Given these difficulties and the fast-approaching discovery deadlines in this case,[9] and in the interest of judicial economy, the Court will simply deal with this motion now.

In resolving this motion on the merits, the Court is guided by the command of the Federal Rules of Civil Procedure to balance the need for discovery and the need to avoid disproportionate cost, even if that means some relevant evidence remains undiscovered. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[10] But although discovery is broad, it is not unlimited. "[T]he court must limit the frequency or extent of discovery . . . if it determines that . . . the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance

---

[5] *See* Doc. 32 at 3 (citing Doc. 28-2).
[6] *See* Rogers v. Giurbino, 288 F.R.D. 469, 477–78 (S.D. Cal. 2012).
[7] *See id.*
[8] *See* Doc. 29; Doc. 28.
[9] *See* Doc. 17.
[10] Fed. R. Civ. P. 26(b)(1).

Case No. 1:14-CV-01237
Gwin, J.

of the issues at stake in the action, and the importance of the discovery in resolving the issues."[11] In addition, the Court may limit discovery when it "can be obtained from some other source that is more convenient, less burdensome, or less expensive."[12]

Guided by these principles, the Court considers the motion to compel as applied to each objection Plaintiff addresses in his motion. Plaintiff Young appears to take issue with Defendants' objections to Requests for Production 3, 4, 5, 6, 7, 8, 9 and 10.

Plaintiff's Requests 3 and 4 seek all incident reports filed by inmates against Defendant Johnson from January 2012 to July 2012, and all documents relating to disciplinary actions against Defendant Johnson from January 2012 to December 2013.[13] Although Plaintiff Young notes that Defendants have objected to Requests 3 and 4, he offers no argument as to why the Court should compel production of these documents. Because Young has not sufficiently explained why the Court should compel their production[14] the Court **DENIES** the motion as to Requests 3 and 4, without prejudice to re-file after conferring with Defendants' counsel.

Plaintiff's Request 5 seeks all "Conduct Reports" that Defendant Johnson filed against inmates between January 2008 and December 2013.[15] Plaintiff Young says he wants these documents so he can show that Johnson typically writes these reports the same day an incident occurs, rather than the day after as he did in this case. This seems to have limited relevance to Plaintiff's case, particularly as Defendants admit to the existence and timing of the conduct report

---

[11] Fed. R. Civ. P. 26(b)(2)(C)(iii).
[12] Fed. R. Civ. P. 26(b)(2)(C)(i).
[13] Doc. 32-1 at 5.
[14] *See* Fed. R. Civ. P. 7(b)(1)(B) (A motion must "state with particularity the grounds for seeking the order."); *cf. Alexander v. F.B.I.*, 186 F.R.D. 154, 159 (D.D.C. 1999) ("[T]he proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant.").
[15] Doc. 32-1 at 5.

Case No. 1:14-CV-01237
Gwin, J.

written in this case. Given this extremely limited relevance, and in light of the high cost of producing these documents,[16] the Court **DENIES** Plaintiff's motion as to Request 5.

Plaintiff's Requests 6 and 7 seek "Informal Complaints" written by inmates M. Arnett and R. Borders against Defendant Johnson.[17] Young says these will show Defendant Johnson's pattern of discriminating against inmates due to their religious beliefs, and particularly against Young himself. Defendants object that these informal complaints are irrelevant to Young's claims, and that in any event they are confidential under Ohio's rules regarding the handling of prisoner's complaints.[18] Because of the confidentiality concerns, the Court will not compel Defendants to produce these documents. If Young wants them, he should be able to obtain them from inmates Arnett and Borders—either directly, or by having Arnett and Borders execute waivers that will allow Defendants to produce them.[19] The Court therefore **DENIES** Plaintiff's motion as to Requests 6 and 7.

Plaintiff's Request 8 seeks Plaintiff's "JPay e-mail that he sent to Jamillah Luqman on 8-21-13."[20] Defendants indicate that they have now produced this document.[21] The Court therefore **DENIES** Plaintiff's motion as to Request 8 as moot.

Plaintiff's Requests 9 and 10 seek documents Defendants will present at trial and a list of trial

---

[16] *See* Doc. 33-1. The Court notes, however, that the burden on Defendants would not in itself be sufficient justification to object to the production of these documents. Defendants' decision to organize their files in a way that makes them difficult to search does not relieve them of the obligation to comply with otherwise valid discovery requests.
[17] Doc. 32-1 at 6.
[18] *See* Ohio Admin. Code 5120-9-31.
[19] *Cf.* Fed. R. Civ. P. 26(b)(2)(C)(i); *Cawley v. Eastman Outdoors, Inc.*, No. 1:14-cv-00310, 2014 WL 4656381, at *4 (N.D. Ohio Sept. 16, 2014) (declining to compel subpoenaed party to produce privileged documents when they were obtainable through other channels that did not implicate privilege).
[20] Doc. 32-1 at 6.
[21] Doc. 33 at 3.

Case No. 1:14-CV-01237
Gwin, J.

witnesses, respectively.[22] Defendants indicate that they will make these disclosures in the time required by the Rules.[23] The Court therefore **DENIES** Plaintiff's motion as to Requests 9 and 10 as they are not yet ripe.

For the foregoing reasons, the Court **DENIES** Plaintiff Young's motion to compel. Furthermore, in the interest of resolving the ongoing discovery issues in this case, the Court **ORDERS** the parties to meet and confer regarding discovery no later than April 24, 2015, and to advise the Court of any remaining disputes by April 28, 2015.

IT IS SO ORDERED.

Dated: April 17, 2015　　　　　　　　　　　　s/　　　*James S. Gwin*
　　　　　　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[22] Doc. 32-1 at 6–7.
[23] *See id.* at 3 (citing Fed. R. Civ. P. 26(a)(3)); *see also* Doc. 17 at 4–6 (Court's Trial Order).