UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
AARON E. YOUNG, : CASE NO. 1:14-CV-01237
:
       Plaintiff, :
:
v. : OPINION AND ORDER
: [Resolving Doc. Nos. 40, 43]
STEFAN JOHNSON, ET AL., :
:
       Defendants. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On April 28, 2015, this Court granted Defendants' motion for summary judgment.[1] Plaintiff Aaron Young has filed a motion for reconsideration.[2] For the reasons described below, the Court denies the motion.

I

In this case, Plaintiff Aaron Young, an inmate housed at Ohio's Lorain Correctional Institution ("the prison"), brings this action under 42 U.S.C. § 1983. With this action, Young alleges that three prison officials—Defendants Stefan Johnson, Ronald Pawlus, and Laura Solnick—violated his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution.[3]

In an order filed April 28, 2015, the Court granted Defendants' motion for summary judgment.

Plaintiff moves for reconsideration of the order and judgment.

---

[1] Doc. 37.
[2] Doc. 40.
[3] *See* Doc. 3. Plaintiff Young also brought claims against a fourth prison official, Stephen Gray, but those claims have been dismissed. *See* Doc. 25.

Case No. 1:14-CV-01237
Gwin, J.

The Federal Rules of Civil Procedure do not describe motions to reconsider. The Sixth Circuit, however, has held that a motion to vacate and reconsider may be treated under Federal Rule of Civil Procedure 59(e) as a motion to alter or amend a judgment.[4/] Orders granting motions for reconsideration are extraordinary and are seldom granted because they contradict notions of finality and repose.[5/]

A court may grant a motion to amend or alter a judgment "to correct a clear error of law; account for newly discovered evidence or an intervening change in the controlling law; or otherwise prevent manifest injustice."[6/] "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'"[7/]

II

With his motion for summary judgment, Plaintiff Young says that his opposition to summary judgment was timely filed because he gave the brief to prison officials on April 17, 2015. He gives no clear explanation why the brief was not filed until April 29, 2015.

Nonetheless, Defendants give no evidence that Young's opposition brief was not given to prison officials by April 17, 2015, and was timely under the Prison Mailbox Rule.

The Court therefore grants Young's request that his opposition be considered.

---

[4/] *Basinger v. CSX Transp., Inc.*, 91 F.3d 143, 1996 WL 400182, at *2 (6th Cir. July 16, 1996) (unpublished table opinion); *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979).
[5/] *See Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995).
[6/] *Heil Co. v. Evanston Ins. Co.*, 690 F.3d 722, 728 (6th Cir. 2012) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).
[7/] *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (quoting *In re August 1993 Regular Grand Jury*, 854 F. Supp. 1403, 1408 (S.D. Ind. 1994)).

Case No. 1:14-CV-01237
Gwin, J.

### III

In asking for reconsideration and in opposing summary judgment, Plaintiff Young first says this Court erred in finding that Young failed to exhaust his administrative remedies because he did not use forms required by Ohio Administrative Code 5120-9-31(J). Young says he could not use the forms because he needed to go through Defendant Inspector Pawlus to obtain the forms.

Plaintiff Young does not show that this Court's finding was a clear error of law or resulted in manifest injustice. Ohio law specifies a particular grievance procedure using particular forms that prisoners must follow, and even if Young sent a letter to the Chief Inspector, it would not have complied with that procedure.[8]

Other than vague allusions that Pawlus controlled the forms, Young does not show that he requested or was denied the forms necessary to complain about Pawlus's alleged threat to retaliate. During the same time period, Young pursued other grievances. Young fails to show manifest injustice or a clear error of law.

Regarding Young's late raised claim that he had been threatened with mace in retaliation of his complaints, Young makes no showing of prejudice. Young first alleged he was "intimidated" because Young first used his complaint in this case to allege that Pawlus had "stood over" him with a can of mace in his complaint.[9] He shows no evidence that he sufficiently raised this issue in the grievance process. The summary judgment decision was correct.

---

[8] *See* Ohio Admin. Code 5120-9-31(H) ("Retaliation or the threat of retaliation for the use of the inmate grievance procedure is strictly prohibited. Any alleged or threatened retaliation may be pursued through the inmate grievance procedure."); Ohio Admin. Code 5120-9-31(J) ("Only forms designated by the chief inspector may be used to file informal complaints, grievances, and grievance appeals."); *see also Hattie v. Hallock*, 8 F. Supp. 2d 685, 689–90 (N.D. Ohio 1998) (requiring a grievance to be submitted on a particular form is a "formalistic but reasonable prerequisite to the[] exhaustion of administrative remedies," and a prison may properly reject grievances that do not strictly comply with such requirements).

[9] Doc. 3, at ¶ 21.

-3-

Case No. 1:14-CV-01237
Gwin, J.

Finally, Young complains that the Court erred in dismissing his retaliation claim. He shows no error of law in this Court's finding that Young had alleged arguing with Officer Johnson and that "[a]rguing with corrections officers is not protected activity." Young does not show this was a clear error of law.

For the reasons above, the Court grants Plaintiff Young's request that this Court consider his oppositions to summary judgment but nonetheless denies Plaintiff Young's motion for reconsideration of the grant of Summary Judgment for Defendants.

IT IS SO ORDERED.


Dated: September 8, 2015          s/ *James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE